■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v WALTER HOFFMAN et al., Constituting the Zoning Board of Appeals of the Village of Buchanan, Appellants. HUDSON RIVER FISHERMAN'S ASSOCIATION, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review appellants' determination, dated June 17, 1975 and made after a hearing, which denied petitioner's application for a variance from the Zoning Ordinance of the Village of Buchanan in order to permit the construction of a tower for a natural-draft, closed-cycle cooling system, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County, dated December 9, 1975, as (1) adjudged the actions of appellants illegal and void insofar as they had (a) required petitioner to seek a building permit and (b) attempted to regulate or prohibit construction of the proposed closed-cycle cooling system and (2) granted the petition to the extent of enjoining appellants "from enforcing or attempting to enforce the provisions of the Buchanan Zoning Code as against construction" of such closed-cycle cooling system.

Judgment modified, on the law, by (1) deleting the second decretal paragraph thereof and (2) deleting so much of the third decretal paragraph thereof as follows the words "be and they hereby are", and substituting therefor the following: "directed to issue the variance to petitioner for the construction of a tower as part of a closed-cycle cooling system, and respondents may regulate local and incidental conditions relative to the construction of the proposed facility." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. We agree with Special Term that appellants' action in denying petitioner the variance sought by it contravened Federal law, as noted in its decision, and conclude also that such action contravened State law (see Public Service Law, § 65, subd 1; Transportation Corporations Law, § 11). Accordingly, the variance sought should issue, with the proper village authorities being permitted limited regulation of local and incidental conditions with respect to the proposed facilities, in accordance with the zoning ordinance, so long as such regulation is reasonable and is not inconsistent with the construction of the proposed facility. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.